**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000084
27-JUN-2019
08:13 AM**

NO. CAAP-18-0000084

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


JAMES K. LIBERO, Petitioner-Appellant, v.
STATE OF HAWAI‘I, Respondent-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(S.P.P. NO. 17-1-0017(2))


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Chan and Hiraoka, JJ.)

Self-represented Petitioner-Appellant James K. Libero
(**Libero**) is before us for the fifth time.  He appeals from the
Findings of Fact, Conclusions of Law, and Judgment Denying
Petition to Vacate, Set Aside, or Correct Judgment or to Release
Petitioner from Custody (**Judgment**) entered by the Circuit Court
of the Second Circuit (**Circuit Court**)[1] on January 17, 2018, as
amended on January 22, 2018.  Libero's opening brief fails to
comply with Hawai‘i Rules of Appellate Procedure (**HRAP**)
Rule 28(b) (2016) but it appears that he contends the Circuit
Court erred by denying his "Motion for New Trial" filed on
October 16, 2017.  For the reasons explained below, we affirm the
Judgment.

---

[1]      The Honorable Peter T. Cahill presided.

I.

Libero's involvement with the Hawai'i judicial system is chronicled in <u>State v. Libero</u>, 103 Hawai'i 490, 83 P.3d 753 (App. 2003), <u>cert. denied</u>, 103 Hawai'i 479, 83 P.3d 742 (2004) (**Libero I** or **direct appeal**), <u>Libero v. State</u>, No. CAAP-13-0000415, 2015 WL 3384440 (Haw. App. May 22, 2015) (SDO), <u>cert. rejected</u> No. SCWC-13-0000415, 2015 WL 4709263 (Haw. Aug. 6, 2015) (**Libero II**), <u>Libero v. State</u>, No. CAAP-16-0000528, 2017 WL 2303991 (Haw. App. May 26, 2017) (SDO), <u>cert. rejected</u> No. SCWC-16-0000528, 2017 WL 3433228 (Haw. Aug. 10, 2017) (**Libero III**), and <u>Libero v. State</u>, No. CAAP-17-0000624, 2018 WL 4375493 (Haw. App. Sept. 14, 2018) (SDO), <u>cert. rejected</u> No. SCWC-17-0000624, 2018 WL 6075320 (Haw. Nov. 21, 2018) (**Libero IV**).

Libero was indicted on December 4, 1998, on three counts: (1) Attempted Murder in the Second Degree in violation of Hawaii Revised Statutes (**HRS**) §§ 705-500 (1993)[2] and 707-701.5

---

[2]     HRS § 705-500 provided:

§**705-500 Criminal attempt.** (1) A person is guilty of an attempt to commit a crime if the person:

    (a)    Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as the person believes them to be; or

    (b)    Intentionally engages in conduct which, under the circumstances as the person believes them to be, constitutes a substantial step in a course of conduct intended to culminate in the person's commission of the crime.

    (2)    When causing a particular result is an element of the crime, a person is guilty of an attempt to commit the crime if, acting with the state of mind required to establish liability with respect to the attendant circumstances specified in the definition of the crime, the person intentionally engages in conduct which is a substantial step in a course of conduct intended or known to cause such a result.

    (3)    Conduct shall not be considered a substantial step under this section unless it is strongly corroborative of the defendant's criminal intent.

(1993);[3] (2) Assault in the First Degree in violation of HRS § 707-710(1) (1993);[4] and (3) Attempted Sexual Assault in the First Degree in violation of HRS §§ 705-500 and 707-730(1)(a) (1993).[5] The indictment was based on an incident that occurred on November 23, 1998. <u>Libero I</u> contains a detailed description of the incident which need not be repeated here. Libero was found guilty as charged. He was sentenced to life in prison with the possibility of parole for attempted murder and ten years in prison for assault, to run concurrently, and twenty years in prison for attempted sexual assault, to run consecutively with the attempted murder sentence. Judgment was entered on October 4, 2000.

Libero appealed. He argued that his convictions should be reversed because (1) the State relied on his confession to prove the corpus delicti[6] for the attempted murder, assault, and

---

[3]     HRS § 707-701.5 provided, in relevant part:

>      **[§707-701.5] Murder in the second degree.** (1) Except as provided in section 707-701, a person commits the offense of murder in the second degree if the person intentionally or knowingly causes the death of another person.

[4]     HRS § 707-710 provided, in relevant part:

>      **§707-710 Assault in the first degree.** (1) A person commits the offense of assault in the first degree if the person intentionally or knowingly causes serious bodily injury to another person.

[5]     HRS § 707-730 provided, in relevant part:

>      **§707-730 Sexual assault in the first degree.** (1) A person commits the offense of sexual assault in the first degree if:
>
>      (a)     The person knowingly subjects another person to an act of sexual penetration by strong compulsion[.]

[6]     "Corpus" is the Latin word for body. <u>Black's Law Dictionary</u> 343 (6th ed. 1990). "Delictum" is the Latin word for "[a] delict, tort, wrong, injury, or offense." <u>Id.</u> at 427. The term "corpus delicti" refers to

>      [t]he body of a crime. The body (material substance) upon which a crime has been committed, <u>e.g.</u>, the corpse of a murdered man, the charred remains of a house burned down. In a derivative sense, the objective proof or substantial

(continued...)

attempted sexual assault charges and failed to corroborate the confession with other substantial evidence; (2) the evidence failed to prove that Libero had the specific intent to kill; (3) the corpus delicti and evidence pertaining to the attempted sexual assault was insufficient; (4) jury instructions were incomplete, misleading, confusing, and defective; (5) he was denied his right to a speedy trial; (6) his self-incriminating statements to the police should have been suppressed; (7) the Circuit Court abused its discretion by allowing hearsay statements and testimony of other criminal acts; and (8) his trial counsel failed to provide effective assistance.  In Libero I we affirmed the convictions and sentences for attempted murder and assault but reversed the conviction and sentence for attempted sexual assault,[7] without prejudice to Libero's filing a petition on his ineffective assistance of counsel claim pursuant to Rule 40 of the Hawai'i Rules of Penal Procedure (**HRPP**).

Between August 23, 2001, and January 16, 2013, Libero filed seven petitions for relief pursuant to HRPP Rule 40.  His first petition was denied because his direct appeal was still pending; his next six petitions were also denied.  Libero II, at *1.

On February 20, 2013, Libero filed another petition (**Eighth Petition**), contending that (1) the assault conviction should be reversed because there was no matching DNA from a blood stain or hair on the kiawe branch used during the incident; (2) the trial court failed to instruct the jury on the merger of the charges for attempted murder and assault; (3) there was no probable cause for his arrest and he was not given a Miranda warning; and (4) he received ineffective assistance of counsel.

---

[6] (...continued)
  fact that a crime has been committed.

Id. at 344.  Libero I, 103 Hawai'i at 499 n.10, 83 P.3d at 762 n.10.

[7]  We concluded that there was no evidence, independent of Libero's extrajudicial confession, of the corpus delicti of attempted sexual assault of the victim by Libero.  Libero I, 103 Hawai'i at 500, 83 P.3d at 763.

The Circuit Court denied the Eighth Petition. Libero appealed. We affirmed. We held: (1 & 2) Libero's first and second points of error were previously raised and ruled upon in his sixth petition; (3) Libero failed to prove the existence of extra-ordinary circumstances to justify his failure to raise the probable cause and <u>Miranda</u> issues in his direct appeal and seven prior petitions for relief; (4) claims of ineffective assistance of counsel were raised and ruled upon in Libero's second, fourth, fifth, and seventh petitions; and to the extent Libero's appeal could be construed to assert any other point of error on appeal, Libero failed to prove the existence of extraordinary circum-stances to justify his failure to raise the issue in his seven prior petitions for relief. Therefore, we held that relief was not available under HRPP Rule 40(a)(3).[8] <u>Libero II</u>, at *1-2. Libero's application for a writ of certiorari was rejected. <u>Libero v. State</u>, No. SCWC-13-0000415, 2015 WL 4709263 (Haw. Aug. 6, 2015).

Libero filed another petition (**Ninth Petition**) on April 21, 2016. He argued that if he had used a kiawe branch to assault the victim, there would have been DNA evidence from both the victim and himself embedded within the branch, and the absence of DNA on the kiawe branch contradicted certain prosecution testimony and supported his contention that he should have a new trial. The Circuit Court denied the petition. Libero appealed. We affirmed. We held that Libero's claim about the lack of DNA evidence on the kiawe branch had been raised and ruled upon in his second, sixth, and eighth petitions, all of which were denied. Libero also requested, for the first time on appeal, that "all the missing evidence" in the case be tested for DNA. Because he failed to request that the Circuit Court order

---

[8]     HRPP Rule 40(a)(3) provides, in relevant part:

> Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived.

additional testing of evidence in his Ninth Petition, we denied his request without prejudice to a post-conviction petition under HRS Chapter 844D (Forensic Identification), Part XI (Post-Conviction DNA Testing). Finally, we held that to the extent Libero's appeal could be construed to assert any other point of error on appeal, he failed to prove the existence of extra-ordinary circumstances to justify his failure to raise the issue in his eight prior petitions for relief, so that relief was not available under HRPP Rule 40(a)(3). Libero III, at *1-2. Libero's application for a writ of certiorari was rejected. Libero v. State, No. SCWC-16-0000528, 2017 WL 3433228 (Haw. Aug. 10, 2017).

Another petition (**Tenth Petition**) was filed on June 22, 2017. The Circuit Court construed the Tenth Petition as an HRPP Rule 40 petition "for post-conviction relief requesting DNA analysis pursuant to [HRS] §§ 844D-121 and 844D-122[.]" The Circuit Court denied the petition. Libero appealed. We affirmed. We held that the kiawe branch had been previously tested, no DNA profile could be identified, and the standards for post-conviction testing under HRS § 844D-123 had not been met. We also noted that Libero's argument about the kiawe branch had been raised and ruled upon in his second, sixth, and eighth petitions, all of which were denied. Libero IV, at *1. Libero's application for a writ of certiorari was rejected. Libero v. State, No. SCWC-17-0000624, 2018 WL 6075320 (Haw. Nov. 21, 2018).

## II.

On October 16, 2017 (while the appeal from the denial of the Tenth Petition was still pending), Libero filed a "Motion for New Trial" with the Circuit Court. He argued that after his conviction for attempted sexual assault was reversed, his confession to the police was "suppressed out of evidence" and there was no other evidence to support his conviction on the attempted murder and assault charges. The Circuit Court treated

6

the motion as a non-conforming HRPP Rule 40 petition. On January 17, 2018, the Circuit Court entered its Findings of Fact, Conclusions of Law, and Judgment Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody. The Court's Amended Finding of Fact was entered on January 22, 2018, to correct a reference to the attempted sexual assault conviction that was reversed in Libero I. This appeal followed.

The Circuit Court's findings of fact, as amended, are supported by substantial evidence and are not clearly erroneous. The Circuit Court made the following conclusion of law:

> 26. The ICA reversed [Libero]'s conviction for Attempted Sexual Assault in the First Degree because there was no evidence, independent of Libero's extrajudicial confession, of attempted sexual assault by Libero.

The Circuit Court was correct. In Libero I we noted that the police detective who requested a sexual assault examination of the victim was told by one of the doctors that there was no trauma to the victim's genitalia and no seminal fluid or sperm had been detected. 103 Hawaiʻi at 496, 83 P.3d at 759. In addition, the victim had been found fully clothed and there was no evidence, other than Libero's own extrajudicial statements, that the victim's pants or the bottom half of her clothes were removed — much less removed by Libero. Id. at 500, 83 P.3d at 763. For those reasons, we reversed the conviction for attempted sexual assault. Id.

The Circuit Court also concluded:

> 27. However, the reversal [of the attempted sexual assault conviction] does not invalidate the convictions for [attempted murder and assault]. In the first direct appeal, the ICA considered the sufficiency of the evidence for the charges in Counts One and Two and held that the State presented substantial evidence in addition to [Libero]'s confession that the crimes of Attempted Murder in the Second Degree and Assault in the First Degree had been committed.

Again, the Circuit Court was correct. In Libero I we noted that Libero had been seen walking toward the victim's campsite on the

7

night of the incident, and the victim's description of the suspect was interpreted by a detective on the case to be a description of Libero.  Id. at 494-95, 83 P.3d at 757-58.  The victim's doctor testified that the victim had multiple fractures to her brain and skull, bruising of her brain, rupturing of her eyeball, and a small blood clot on her brain.  Police found the kiawe branch containing blood that had been used to assault the victim near where the victim had been discovered, where Libero said it would be.  Id. at 499-500, 83 P.3d at 762-63.  In Libero I we held:

> [T]he State did establish the corpus delicti for the attempted murder and assault charges by evidence independent of Libero's confession and there was substantial evidence of sufficient quality and probative value on the record upon which the jury found Libero guilty as charged.

Id. at 500, 83 P.3d at 763 (emphasis added).  The Circuit Court also correctly noted that Libero unsuccessfully challenged the sufficiency of the evidence supporting his attempted murder and assault convictions in his second, sixth, and eighth HRPP Rule 40 petitions and in Libero II and Libero III.  Accordingly, we affirm the Judgment.

## III.

Libero also contends that his trial attorney was ineffective because he did not move to suppress DNA evidence related to Attempted Sexual Assault,[9] did not move to suppress his November 24, 1998 and December 1, 1998 statements, failed to present evidence of his "'fingertip amputation, treatment and presciption [sic]' medication and their effect on his voluntary waiver of his rights, and failed to present evidence of [his] mental health."  We decline to consider those arguments because Libero's Motion for New Trial did not present them to the Circuit Court.  See State v. Williams, 134 Hawaiʻi 374, 376, 341 P.3d 1174, 1176 (App. 2014).

---

[9]     It is unclear to what DNA evidence Libero is referring.

To the extent Libero's appeal could be construed to assert any other point of error on appeal, he failed to prove the existence of extraordinary circumstances to justify his failure to raise the issue in his ten prior petitions for relief, so relief is not available under HRPP Rule 40(a)(3).

## IV.

For the foregoing reasons, the Findings of Fact, Conclusions of Law, and Judgment Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody entered by the Circuit Court of the Second Circuit on January 17, 2018, as amended on January 22, 2018, is affirmed.

DATED: Honolulu, Hawai'i, June 27, 2019.

On the briefs:

James K. Libero,
Petitioner-Appellant,
Self-Represented.

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
County of Maui,
for Respondent-Appellee.

Chief Judge

Associate Judge

Associate Judge